IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAVID ALLEN BRASWELL, et al )
    *Plaintiffs* )
)
v. ) NO. 3:21-0145
) Campbell/Holmes
JESSIE R. GLISSON )
    *Defendant and Third-Party Plaintiff* )
)
v. )
)
LACI D. BRANTLEY )
    *Third Party Defendant* )

# O R D E R

Pending before the Court are the motions filed by Plaintiffs and by Defendant and Third-Party Plaintiff Jessie Glisson ("Glisson")[1] (Docket Nos. 35 and 39) for sanctions against Third-Party Defendant Laci Brantley ("Brantley") for her failure to appear at her January 25, 2022 scheduled deposition. Upon the filing of Plaintiffs' motion, the Court issued an order for Brantley to show cause why the Court should not impose sanctions for her failure to appear. (Docket No. 37.) Brantley failed to respond to either motion as required by Local Rule 7.01(a)(3) and also failed to respond to the Court's show cause order.[2]

---

[1] As previously noted in the Court's show cause order (Docket No. 37), because Glisson's motion also references at least nominal applicable legal authority, the Court will treat it as a memorandum of law but reminds Glisson of the requirement of Local Rule 7.01(a)(2) that a supporting memorandum of law be separately filed. The Court will not excuse any deviation from this rule in the future, particularly when the subject of the requested relief is another party's failure to comply with applicable rules.

[2] The show cause order was returned as undeliverable to Brantley's last known address (Docket No. 40), which is the address she provided to the Court. *See* Docket No. 28. Because the two motions arise out of the same set of circumstances, the Court did not issue a second show

Both motions indicate that Brantley's deposition was scheduled for January 25, 2022, after consultation directly with Brantley and on a date that was convenient for her. *See also* Declaration of Karla Campbell at Docket No. 36 and time records at Docket No. 36-2. However, Brantley failed to appear at the scheduled date and time. (Docket No. 36-1.) The transcript of the deposition non-appearance includes a statement by Plaintiffs' counsel on the record that she had received an email from Brantley shortly before the scheduled start-time of the deposition, which stated that Brantley would not be attending the deposition. (*Id*. at 2.)

Rule 37(d)(1) authorizes the imposition of sanctions if a party fails to appear for deposition after being served with proper notice. Fed. R. Civ. P. 37(d)(1). Plaintiffs' motion states that Brantley was served with a notice of deposition. (Docket No. 35 at 1.)[3] Payment by the non-appearing party of reasonable expenses related to the deposition, including attorneys' fees, is mandatory, "unless the failure to appear was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). *See also EMW Women's Surgical Ctr., P.S.C. v. Friedlander*, 978 F.3d 418, 446-47 (6th Cir. 2020).

Based on the statements made in the motions and the accompanying declarations, the Court finds that imposition of sanctions against Brantley for failure to appear for her scheduled deposition are warranted. The Court further finds that payment by Brantley of the reasonable expenses associated with the deposition, including attorneys' fees, is mandatory.

However, after review of the time records, the Court finds that a modification to the requested attorneys' fees is warranted. Specifically, the Court finds that a reduction in the

---

cause order regarding Glisson's motion. As a *pro se* litigant, Brantley is responsible for keeping the Court and the other parties apprised of her current contact information.

[3] The moving parties would have been better served to have appended a copy of the notice of deposition as an exhibit to their respective motions. Nevertheless, the Court will accept the statement of Plaintiffs' counsel as an officer of the court.

requested time by Plaintiffs' attorney and a law firm paralegal for direct preparation for and follow up after the deposition between January 21, 2022 and January 25, 2022 is warranted. The Court will therefore reduce the fees requested by Plaintiffs' counsel by $290.

Further, the Court finds that, under the circumstances here, the time requested by Glisson's counsel for preparation of a sanctions motion is not reasonably compensable. The Court will therefore reduce the fees requested by Glisson's counsel by $420.

For the reasons detailed above, the motions filed by Plaintiffs and by Defendant and Third-Party Plaintiff Jessie Glisson (Docket Nos. 35 and 39) for sanctions against Third-Party Defendant Laci Brantley for her failure to appear at her January 25, 2022 scheduled deposition are GRANTED and the requested sanction of payment of expenses, including attorneys' fees, is GRANTED IN PART as follows:

1. Plaintiffs are granted payment of attorneys' fees and costs in the amount of $2,301, assessed against Third-Party Defendant Laci Brantley and payable to Plaintiffs, for Brantley's failure to appear for her January 25, 2022 scheduled deposition.

2. Defendant and Third-Party Defendant Jessie Glisson is granted payment of attorneys' fees and costs in the amount of $1,330, assessed against Third-Party Defendant Laci Brantley and payable to Glisson, for Brantley's failure to appear for her January 25, 2022 scheduled deposition.

3. The Clerk is directed to send a copy of this Order by first class mail to Third-Party Defendant Laci Brantley's address of record and a copy by email to laci_brantley@outlook.com.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

3

Case 3:21-cv-00145   Document 45   Filed 03/15/22   Page 3 of 3 PageID #: 187